DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

NIPPONKOA INSURANCE COMPANY, LTD.,

    *Plaintiff,*

- against -

CH ROBINSON WORLDWIDE, INC. and CNR CARRIER, INC.

    *Defendants.*
------------------------------------x

09 CIV. 2365

09 Civ. JUDGE GARDEPHE

**COMPLAINT**

Plaintiff, NipponKoa Insurance Company, Ltd. (hereinafter "NipponKoa" or "Plaintiff") by its attorneys, Maloof Browne & Eagan LLC, for their Complaint, alleges on information and belief as follows:

1. All and singular the following premises are true and constitute claims arising under the Court's federal question jurisdiction (28 U.S.C. §1331 and 49 U.S. § 14706), and/or supplemental jurisdiction (28 U.S.C. §1367).

2. At all times material hereto, Plaintiff NipponKoa was and is a corporation organized and existing under and by virtue of the laws of a foreign country and was the insurer of the shipments which are the subject matter of this action.

3. Defendant CH Robinson Worldwide, Inc. (hereinafter "CHRW" or "Defendant") is a corporation or other business entity organized and existing under and by virtue of the laws of one of the states of the United States, and was and now is engaged in business as a common

carrier of merchandise by truck and/or a freight forwarder under the Carmack Amendment and/or arranging such carriage, and operates and runs routes in this District.

4. Defendant CNR Carrier, Inc. (hereinafter "CNR" or "Defendant") is a corporation or other business entity organized and existing under and by virtue of the laws of one of the states of the United States, and was and now is engaged in business as a common carrier of merchandise by truck, and operates and runs routes in this District.

5. Venue is proper here within the meaning of 28 U.S.C. § 1391(c) and/or 49 U.S.C. § 14706(d) because Defendants are receiving and/or delivering carriers and/or do business and/or operate trucks and routes throughout the 48 contiguous United States including the state of New York and the area comprising the Southern District of New York. Plaintiff has an affiliated office in this District. The surveyor company is headquartered in this district. Plaintiff's assured is located in the New York metropolitan area, and the June Shipment herein was destined for its Northeast U.S. distribution facility.

### A. THE JUNE SHIPMENT

6. On or about June 20, 2008, there was shipped by RICOH America Corporation a shipment which consisted of 91 pieces of printing/copying equipment then being in good order and condition (the "June Shipment"). Defendants CHRW and CNR accepted the June Shipment at Tustin, California. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendants CHRW and CNR further agreed to transport and carry the June Shipment to Breinigsville, Pennsylvania and there deliver same in like good order and condition. The carriage was described in a certain bill of lading, numbered B49599, Pro Number R1498576, dated on or about June 20, 2008.

7. Thereafter, Defendants did not make delivery of the June Shipment in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value, all in violation of Defendants' obligations and duties as common carriers of merchandise for hire, and to perform their services in a careful, workmanlike manner, and otherwise in violation of their duties.

8. Plaintiff insured the June Shipment and has incurred and will incur substantial losses as a result of the damage to the June Shipment.

9. Plaintiff and its assured have performed all conditions on their parts to be performed.

10. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid, although duly demanded, in a sum estimated to be up to or exceeding U.S. $600,000.00.

## B. THE JULY SHIPMENT

11. On or about July 30, 2008, there was shipped by RICOH America Corporation a shipment which consisted of 166 pieces of printing/copying and office equipment then being in good order and condition (the "July Shipment"). Defendant CHRW arranged, received and accepted the July Shipment at Tustin, California. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant CHRW further agreed to transport and carry the July Shipment to Tampa, Florida and there deliver same in like good order and condition. The carriage was described in a certain bills of lading, numbered 850659 and 850660, dated on or about July 30, 2008.

12. Thereafter, Defendant CHRW did not make delivery of the July Shipment in like good order and condition as when shipped, delivered to and received by it, but on the contrary,

seriously injured and impaired in value, all in violation of Defendant CHRW's obligations and duties as common carriers of merchandise for hire, and to perform their services in a careful, workmanlike manner, and otherwise in violation of their duties.

13. Plaintiff insured the July Shipment and has incurred and will incur substantial losses as a result of the damage to the July Shipment.

14. Plaintiff and its assured have performed all conditions on their parts to be performed.

15. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid, although duly demanded, in a sum estimated to be up to or exceeding U.S. $295,000.00.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES UNDER THE CARMACK AMENDMENT
(As to the June Shipment)

16. Plaintiff incorporates herein by reference the allegations of paragraphs 1-15 above and all of the allegations below.

17. By reason of the foregoing, each of the Defendants was a carrier of merchandise and/or a freight forwarder within the meaning the Carmack Amendment, 49 U.S.C.§ 14706, and breached its duties as such under that law and/or under the contract of carriage.

18. By reason of the foregoing, Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding US $600,000.00.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
(As to the June Shipment)

19. Plaintiff incorporates herein by reference the allegations of paragraphs 1-18 above all of the allegations below.

20. The Defendants were acting as bailees of the June Shipment at the time it was damaged. Defendants thereby, or through their contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the June Shipment in the same condition as when entrusted to then and to perform their services as bailees or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendants breached those bailment obligations and negligently failed to deliver to Plaintiff, or its designees, the June Shipment.

21. By reason of the foregoing, Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding US $600,000.00.

## THIRD CAUSE OF ACTION

### NEGLIGENCE
(As to the June Shipment)

22. Plaintiff incorporates herein by reference the allegations of paragraphs 1-21 above.

23. The Defendants, by their negligence, damaged the June Shipment. The Defendants therefore negligently failed to deliver the June Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to them.

24. By reason of the foregoing, the Defendants have caused damage to Plaintiff, and

to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding US $600,000.00.

## FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES UNDER THE CARMACK AMENDMENT
(As to the July Shipment)

25. Plaintiff incorporates herein by reference the allegations of paragraphs 1-24 above and all of the allegations below.

26. By reason of the foregoing, Defendant CHRW was a carrier of merchandise and/or a freight forwarder within the meaning the Carmack Amendment, 49 U.S.C.§ 14706, and breached its duties as such under that law and/or under the contract of carriage.

27. By reason of the foregoing, Defendant CHRW has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding US $295,000.00.

## FIFTH CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
(As to the July Shipment)

28. Plaintiff incorporates herein by reference the allegations of paragraphs 1-27 above all of the allegations below.

29. Defendant CHRW was acting as a bailee of the July Shipment at the time it was damaged. Defendant CHRW thereby, or through its contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the July Shipment in the same condition as when entrusted to it and to perform its services as bailees or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendant CHRW breached those bailment obligations and negligently failed to deliver to

Plaintiff, or its designees, the July Shipment.

30. By reason of the foregoing, Defendant CHRW has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding US $295,000.00.

## SIXTH CAUSE OF ACTION

### NEGLIGENCE
(As to the July Shipment)

31. Plaintiff incorporates herein by reference the allegations of paragraphs 1-30 above.

32. Defendant CHRW, by its negligence, damaged the July Shipment. Defendant CHRW therefore negligently failed to deliver the July Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to it.

33. By reason of the foregoing, Defendant CHRW has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding US $295,000.00.

## SEVENTH CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY/GROSS NEGLIGENCE AND/OR RECKLESS AND/OR WILLFUL MISCONDUCT
(As to the July Shipment)

34. Plaintiff incorporates herein by reference the allegations of paragraphs 1-33 above.

35. Defendant CHRW, directly or through its employees, agents or independent contractors, willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the July Shipment which a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross

negligence failed to carry the July Shipment such as reasonably required and would be sufficient to care for and prevent damage to the July Shipment.

36. The July Shipment suffered loss as alleged herein, as a proximate result of Defendant CHRW's said willful, reckless and/or grossly negligent conduct.

37. Defendant CHRW is accordingly liable to Plaintiff, in an amount, as nearly as can now be estimated, up to or exceeding US $295,000.00.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendants, citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action.

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York
       March 13, 2009

MALOOF BROWNE & EAGAN LLC

By: _____
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue -Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
*Attorneys for Plaintiff*

F:\WP-DOCS\2503.99\031309 SDNY Complaint.doc